**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Catherine Moreno,<br><br>   Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>   Defendant. | No. CV-14-02419-PHX-JZB<br><br>**ORDER** |

Plaintiff Catherine Moreno seeks review of the Social Security Administration Commissioner's decision denying her social security and disability benefits under the Social Security Act. (Doc. 1; Doc. 16.) For reasons below, the Court will vacate the Commissioner's final decision and remand this matter for an award of benefits.

**I.  Background**

On February 4, 2011, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act. (AR[1] 12.) On September 14, 2011, Plaintiff filed an application for supplemental security income (SSI) benefits under Title XVI of the Social Security Act. (*Id.*) Plaintiff asserts disability beginning on January 31, 2011. (*Id* at 226, 229.) Plaintiff's applications were initially denied on July 15, 2011, and upon reconsideration on November 28, 2011. (*Id* at 136, 138.) On January 24, 2012, Plaintiff requested a hearing. (*Id* at 150.) Subsequently, Plaintiff's applications were set for hearing. (*Id* at 174.) In a decision dated October 22,

---

[1] Citations to "AR" are to the administrative record.

2012, Administrative Law Judge ("ALJ") Earl C. Cates, Jr. found Plaintiff is not disabled. (*Id.* at 12-25.) On September 3, 2014, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, making it the final decision of the Commissioner of the Social Security Administration. (*Id.* at 1-8.)

Having exhausted the administrative review process, on October 31, 2014, Plaintiff sought judicial review of the ALJ's decision by filing a Complaint in this Court pursuant to 42 U.S.C. § 405(g). (Doc. 1.) On July 21, 2015, Plaintiff filed an Opening Brief, seeking remand of this case to the Social Security Administration for an award of benefits, or alternatively, for further proceedings. (Doc. 16.) On August 20, 2015, Defendant filed a Response Brief in support of the Commissioner's decision. (Doc. 17.) On September 23, 2015, Plaintiff filed a Reply Brief. (Doc. 23.)

## II.   Legal Standards

### a.  Standard of Review

The Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of the Commissioner's disability benefits determinations. The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007); *see also Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusions. *Reddick*, 157 F.3d at 720; *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). The ALJ is responsible for resolving conflicts, ambiguity, and determining credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The Court "must

uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039. "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Orn*, 495 F.3d at 630 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). The Court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). Similarly, the Court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

### b. The ALJ's Five-Step Evaluation Process

To be eligible for Social Security benefits, a claimant must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). A person is under a disability only:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.S.C. § 423(d)(2)(A).

The ALJ follows a five-step evaluation process to determine whether an applicant is disabled under the Social Security Act:

> The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in "substantial gainful activity" and considering the severity of the claimant's impairments. *See* 20 C.F.R. § 416.920(a)(4)(i)-(ii). If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1 and meets the duration requirement. *See id.* § 416.920(a)(4)(iii). If so, the claimant is considered disabled and benefits are awarded, ending the inquiry. *See id.* If the process continues beyond the third step, the fourth and fifth steps consider the

>claimant's "residual functional capacity" in determining whether the claimant can still do past relevant work or make an adjustment to other work. *See id.* § 416.920(a)(4)(iv)-(v).

*Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

Applying the five-step evaluation process, the ALJ found that Plaintiff is not disabled and is not entitled to benefits. (*Id.* at 25.) At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2016, and Plaintiff has not engaged in substantial gainful activity since January 31, 2011, the alleged onset date. (*Id.* at 16.) At step two, the ALJ determined that Plaintiff has the following severe impairments: lumbar degenerative disc disease, cervical degenerative disc disease, obesity, fibromyalgia, depression, anxiety, and use of medical marijuana. (*Id.*) At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, 416920(d), 416.925, and 416.926). (*Id.* at 17.)

At step four, the ALJ found the following:

>[Plaintiff] has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The [Plaintiff] can occasionally lift twenty pounds. She can frequently lift less than ten pounds. She can stand or walk for six hours in an eight hour day. She uses an assistive device to maintain balance. She has no limits in her ability to sit. Her ability to see, speak and hear is unlimited. She can occasionally climb ramps and stairs but can never climb ladders, ropes, or scaffolds. She can frequently stoop, crouch, and reach. She is limited to occasional kneeling. She can never crawl. Her ability to handle, finger, and feel is not limited. She is limited in her ability to work around heights and extremes in temperature. The [Plaintiff] has the ability to understand and remember simple instructions, detailed instructions and work-like procedures and she can perform the same. The [Plaintiff] can carry out simple instructions, maintain attention and concentration, and maintain regular attendance. The [Plaintiff] is able to engage with coworkers and get along with coworkers, respond appropriately to supervision, maintain socially appropriate behavior, and adhere to basic standards of neatness. She can respond appropriately to changes in the work setting, be aware of normal hazards and

take appropriate action.

(*Id.* at 19.)  Finally, the ALJ found that Plaintiff "is capable of performing past relevant work as a customer service representative and accounts payable clerk."  (*Id.* at 25.)

**III.   Analysis**

Plaintiff argues that the ALJ erred in weighing the opinions of Dr. Ravi Bhalla and Physician's Assistant Brady Nelson, weighing the opinions of the two physicians who conducted psychiatrist assessments, rejecting Plaintiff's symptom testimony, rejecting lay witnesses opinions, and failing to set forth a complete analysis at step two.  (Doc. 16 at 12-18.)  Plaintiff further contends that the Vocational Expert (VE) offered a vocational conclusion that is not supported by the record.  (*Id.* at 24-25.)  As detailed below, the Court finds that the ALJ failed to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's testimony.  Further, the Court finds it is appropriate to remand for an immediate award of benefits under the credit-as-true analysis.  Therefore, the Court does not reach Plaintiff's other arguments of error.

**a.  The ALJ failed to provide clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony.**

Plaintiff argues that the ALJ erred in evaluating Plaintiff's symptom testimony.  (Doc. 16 at 19.)  The ALJ may reject a claimant's testimony regarding the severity of his or her symptoms only if the ALJ "makes a finding of malingering based on affirmative evidence," *Lingenfelter*, 504 F.3d at 1036 (quoting *Robbins*, 466 F.3d at 883), or if the ALJ offers "clear and convincing reasons" for finding the claimant not credible. *Carmickle*, 533 F.3d at 1160 (quoting *Lingenfelter*, 504 F.3d at 1036).  "'The clear and convincing standard is the most demanding required in Social Security Cases.'" *Garrison*, 793 F.3d at 1015 (quoting *Moore v. Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ rejected Plaintiff's symptom testimony because (1) her daily activities are not as limited as one would expect, (2) her treatment has been essentially routine and/or conservative in nature, and Plaintiff reported improvement in her pain and mental impairments with treatment, (3) Plaintiff cancelled or failed to show up for some of her

- 5 -

1 mental health appointments, suggesting that her symptoms may not have been as serious
2 as alleged, (4) objective medical findings do not fully support Plaintiff's allegations, and
3 (5) Plaintiff took a trip to Puerto Rico in April 2012.  (*Id.* at 20-23.)

The Court finds that Plaintiff's daily activities are not a clear and convincing reason supported by substantial evidence for discrediting Plaintiff's testimony.  While an ALJ may discredit a claimant's allegations if a claimant has "engaged in numerous daily activities involving skills that could be transferred to the workplace," *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005), "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.  One does not need to be utterly incapacitated in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)) (finding "only a scintilla of evidence in the record to support the ALJ's finding that [the claimant] lacked credibility about her pain" where the claimant was able "to go grocery shopping with assistance, walk approximately an hour in the malls, get together with her friends, play cards, swim, watch television, . . . read . . . . and exercise at home.").

Here, the ALJ asserts that with regard to Plaintiff's back and neck pain, Plaintiff lives alone in a second story apartment, she can drive, shop, prepare meals, do laundry, and she reads and watches television.  (AR 21.)  However, the ALJ does not make any finding as to how often Plaintiff conducts these activities other than noting her testimony that these activities are limited due to Plaintiff's "persistent pain." (*Id.*)  Accordingly, Plaintiff's daily activities are an insufficient basis upon which to discredit her testimony.

The ALJ also found that Plaintiff's treatment was conservative and routine, and she showed improvement with that treatment.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (an ALJ may infer that a claimant's "response to conservative treatment undermines [claimant's] reports regarding the disabling nature of his pain"). With regard to Plaintiff's physical impairments, the Court does not find that this is a clear and convincing reason supported by substantial evidence for discrediting Plaintiff's

testimony. As Plaintiff notes, the Ninth Circuit has indicated that at least some of the treatment Plaintiff received for her physical impairments (injections) may not be conservative. *See Garrison*, 759 F.3d at 1015 ("we doubt that epidural steroid shots to the neck and lower back qualify as 'conservative' medical treatment").

Further, although the ALJ cited to records that indicate Plaintiff's symptoms may have improved, record evidence indicates relief from pain was not sustained. For example, the ALJ cited medical record evidence that Plaintiff's pain symptoms improved with treatment, including aquatic therapy and a lumbar facet joint nerve block. (*Id.* at 21, 1103.) However, treatment notes from a follow up visit on August 6, 2012 indicate that "more conservative treatment" of pain medication and physical therapy had "failed" after two sets of nerve blocks. (*Id.* at 1051.) And, other record evidence supports that Plaintiff continued to suffer from pain and fatigue that impacted her ability to function. (*Id.* at 915-17, 1108.) Notably, Dr. Cunningham's examination[2] states that Plaintiff suffers from "intense pain in the shoulders." (*Id.* at 738.) Dr. Cunningham further found 16 of 18 trigger points, Plaintiff's muscles are tender throughout her arms and legs, and Plaintiff "is limited due to pain." (*Id.* at 738-89.) Although Dr. Cunningham found that Plaintiff could walk, turn, and face him in a hallway, his examination results do not reflect any observations or findings regarding the length of time that Plaintiff can sit or stand, or Plaintiff's need to take naps for two to three hours per day due to fatigue. (*Id.*) Finally, although the ALJ pointed to a July 23, 2012 record that showed normal straight leg raise results, at least one subsequent record indicates positive straight leg raise results. (*Id.* at 943, 1157.)

The ALJ also rejected Plaintiff's symptom testimony regarding her mental impairments because she cancelled or failed to show up for mental health appointments on a number of occasions. (AR 23.) As the Ninth Circuit Court explained in *Molina*:

> We have long held that, in assessing a claimant's credibility, the ALJ may properly rely on "unexplained or inadequately explained failure to seek

---

[2] The ALJ gave Dr. Cunningham's opinions regarding Plaintiff's functional limitations "great weight." (*Id.* at 24.)

- 7 -

> treatment or to follow a prescribed course of treatment." *Tommasetti*, 533 F.3d at 1039 (quoting *Smolen*, 80 F.3d at 1284); *Fair,* 885 F.2d at 603. According to agency rules, "the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." SSR 96-7p, 1996 SSR LEXIS 4.  Moreover, a claimant's failure to assert a good reason for not seeking treatment, "or a finding by the ALJ that the proffered reason is not believable, can cast doubt on the sincerity of the claimant's pain testimony." *Fair*, 885 F.2d at 603.

674 F.3d at 1113-14.  Here, the ALJ cited to records that indicate Plaintiff missed some of her counseling appointments.  (*Id.* at 23, 716, 984-85, 1000.)  However, the ALJ did not identify any other prescribed treatment for Plaintiff's fibromyalgia or physical conditions that Plaintiff failed to follow.  Further, the ALJ failed to identify any possible treatment for fibromyalgia that Plaintiff's treating physician could have prescribed.  *See Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004) ("Fibromyalgia's cause is unknown, there is no cure, and it is poorly-understood within much of the medical community.  The disease is diagnosed entirely on the basis of the patients' reports of pain and other symptoms. . . . there are no laboratory tests to confirm the diagnosis."); *Rollins v. Massanari*, 261 F.3d 853, 855 (9th Cir. 2001) ("There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are 'pain all over,' fatigue, disturbed sleep, stiffness, and 'the only symptom that discriminates between it and other diseases of a rheumatic character' [are] multiple tender spots, more precisely 18 fixed locations on the body.") (quoting *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996)).

The ALJ also found that Plaintiff's symptoms were not fully corroborated by the objective medical evidence.  Although the lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his or her credibility analysis.  *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (while subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects).  Here, the ALJ cited to a normal nerve conduction study, normal results during an April 2011 exam with

Podiatrist Daniel Schulman, Dr. Cunningham's examination findings regarding normal coordination, and a motor examination that revealed normal muscle bulk and tone throughout. However, these normal results do not reflect the impact of Plaintiff's fibromyalgia. *See Benecke*, 379 F.3d at 590.

Finally, the ALJ noted that Plaintiff took one trip to Puerto Rico in April 2012. (AR 23.) However, the ALJ fails to explain how this one trip contradicts any of Plaintiff's specific symptom testimony. Further, the Court finds that one trip is an insufficient basis on which to reject Plaintiff's testimony regarding her pain and fatigue.

### b. Remand for an award of benefits is appropriate.

If the ALJ's decision is not supported by substantial evidence or suffers from legal error, the court has discretion to reverse and remand either for an award of benefits or for further administrative proceedings. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Under the Ninth Circuit's credit-as-true standard, courts may credit as true improperly rejected medical opinions or claimant testimony and remand for an award of benefits if each of the following are satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020 (citing *Ryan*, 528 F.3d at 1202, *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007), *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007), *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004), and *Smolen*, 80 F.3d at 1292). If the "credit-as-true rule" is satisfied, the Court may remand for further proceedings, instead of for an award of benefits, only "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021.

Here, the Court finds that the record has been fully developed and further administrative proceedings would serve no useful purpose. Further, as detailed above,

the Court finds that the ALJ has failed to provide legally sufficient reasons for rejecting Plaintiff's symptom testimony. Finally, according to the VE's testimony, if Plaintiff's symptom testimony is credited as true, Plaintiff would be disabled under the Act. (AR 82-83.)

Defendant argues that if the Court finds legal error, it should remand for further proceedings instead of an award of benefits. More specifically, Defendant argues that "the credibility determination is exclusively the ALJ's to make, and [the Court's] only to review." (Doc. 17 at 21.) However, Defendant fails to identify any ambiguities in the evidence or outstanding issues that the ALJ must resolve before a disability determination can be made. Further, Defendant fails to point to evidence that indicates the Court should have "serious doubt" that Plaintiff is disabled. To the contrary, the record as a whole supports a finding that Plaintiff's fibromyalgia rendered her disabled. *See Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.").

Accordingly,

**IT IS ORDERED** that the final decision of the Commissioner of the Social Security Administration is reversed and this case is remanded for an award of benefits. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 30th day of March, 2016.

Honorable John Z. Boyle
United States Magistrate Judge